Argued November 20, modified December 30, 1919.

## PENNOCK *v.* SHARP.

### (185 Pac. 911.)

**Appeal and Error—Findings Supported by Evidence not Reviewed.**

1.  Under Article VII, Section 3, of the Constitution, providing
that no fact found by a jury shall be otherwise re-examined unless
the verdict is unsupported by evidence, etc., a jury's findings cannot
be disturbed upon appeal on the theory that they are against the
weight of the evidence.

**Appeal and Error—Technical Error in Including Interest not Men-
tioned in Complaint Corrected.**

2.  The allowance of interest where the complaint did not ask
for it constitutes a technical error which will be corrected by modi-
fying the judgment so as to eliminate the interest item.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

This is an action at law brought by plaintiff for the
recovery from H. W. Sharp of the sum of $1,500 for
money alleged to have been received for the use and
benefit of plaintiff.

The complaint alleged:

That defendant induced plaintiff to enter into a con-
tract to purchase a one-fourth interest in his mercan-

tile business by means of certain alleged false representations, which, briefly stated, are as follows:

"1. Defendant represented that his business consisted of a stock of merchandise of the value of $35,000.

"2. That the business was a very profitable one.

"3. That within a few years defendant had been able to build up the business from nothing to one having a stock of merchandise of the value of $35,000.

"4. That defendant had enjoyed and received a large profit and income from said business.

"5. That defendant had purchased his home from the profits of said business, which he had valued in excess of $5,000.

"6. That defendant represented that if plaintiff would invest the sum of $5,000 in the business, defendant would place a valuation on said stock at a greatly reduced sum, to wit: the sum of $20,000.

"7. That defendant represented the business to be free from debt, with the exception of $2,000 due the bank.

"8. That defendant represented himself to be the owner of all the stock of merchandise with the exception of a small percentage which he held on consignment."

That on October 4, 1917, plaintiff discovered the falsity of the representations and found that in fact defendant had misrepresented and owned none of the merchandise carried in stock, but that same was held on consignment; that all he owned was office furniture and fixtures of the value of $500; that defendant did not own his home and had not purchased the same from the profits of the business, but same was owned by defendant's wife, and further found that the business was indebted for a much larger sum than $2,000, to wit: $6,000.

That on or about the eighth day of October, plaintiff notified defendant of the false representations and

notified him that he would not proceed further with the payments for said business and alleges that defendant acquiesced in and agreed to the rescission of the contract and thereby charges defendant with the sum of $1,500 as money had and received for the use and benefit of the plaintiff and the usual allegation follows that defendant promised to repay this money to plaintiff.

Defendant answered, denying the allegations of the complaint, except that the answer admitted the payment to him of $1,500, alleging that under the contract plaintiff bought a one-fourth interest in his business and had paid this $1,500 thereon, and counterclaimed for $3,500.

The cause being at issue and a jury being waived, a trial was had before the court. At the conclusion of plaintiff's testimony defendant moved for a nonsuit on the ground of failure of proof, which was denied. Defendant then put in his testimony and thereupon the court found substantially that each allegation of fraud in the complaint was true, that an agreement of rescission was made, as claimed by plaintiff, and that defendant had promised and agreed to repay the $1,500, as alleged in the complaint, and gave judgment for the sum of $1,500, with interest at 6 per cent from and after December 14, 1917, from which judgment defendant appeals.　　　　　MODIFIED.

For appellant there was a brief over the names of *Mr. B. A. Green* and *Mr. J. C. Veatch,* with an oral argument by *Mr. Green.*

For respondent there was a brief over the name of *Messrs. Flegel, Reynolds & Flegel,* with an oral argument by *Mr. John W. Reynolds.*

McBRIDE, C. J.—Both the pleadings and the briefs have traveled very far afield in this controversy.

Reduced to its ultimate terms the complaint alleges the payment to defendant of $1,500 on a contract for the purchase of a one-fourth interest in defendant's business at $5,000, a mutual agreement to rescind the contract and a promise by defendant to repay the $1,500 received by him. The alleged fraudulent representations are merely matters of inducement, explaining why the plaintiff demanded a rescission and could have been omitted without impairing the sufficiency of the complaint.

In this case we are bound by the findings of the court below if there is any evidence to sustain them, and have no authority to inquire into the comparative weight of the testimony. Plaintiff and his wife testified with great positiveness as to the representations made by defendant and there can be no doubt but that if he did make them they were untrue, and that he could not have been ignorant of their falsity.

1, 2. Plaintiff also testified positively as to the agreement with defendant that the contract should be rescinded and that defendant should return to plaintiff the purchase money already paid him. It is true that all this is strongly denied by defendant in his testimony, but under Section 3 of Article VII of our Constitution, the court sitting as a jury was the exclusive judge of the facts and we have no authority to disturb its findings, and indeed upon consideration of the whole testimony we have no disposition to do so. The complaint did not pray for interest and the allowance thereof constitutes a technical error, which, however, does not affect the substantial merits of the controversy.

The judgment will be modified here so as to eliminate the item of interest and otherwise affirmed. Neither party will recover costs in this court.          MODIFIED.

BURNETT, HARRIS and BENNETT, JJ., concur.